CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
russ@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (858) 375-7385

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brendan Lowenburg**, <br><br> Plaintiff, <br><br> v. <br><br> **Mrs. Gooch's Natural Food Markets, Inc. dba Whole Foods Market;** and Does 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **Complaint for Injunctive Relief and Damages for Violations of:** <br><br> 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq*.; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq*. |

1

Complaint

## INTRODUCTION

1. Plaintiff Brendan Lowenburg ("Plaintiff") brings this lawsuit alleging that Defendants Mrs. Gooch's Natural Food Markets, Inc. dba Whole Foods Market and Does 1-10 ("Defendants") discriminated against him on the basis of disability in violation of the Americans with Disabilities Act ("ADA") and related state statutes.

2. Defendants demanded Plaintiff leave their grocery store in Brentwood, California because he could not loop his safety mask behind both of his ears. Defendants refused to accommodate Plaintiff, who has only one ear with lobes, by allowing him to hold his mask securely in place with his hand on one side while looping the other side around his existing ear. Defendant offered no alternative accommodation.

3. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from visiting Defendant's grocery store and availing himself of the goods and services provided there.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to take the steps required to ensure that he is provided "full and equal" access to Defendants' facilities as required by law.

5. Plaintiff also seeks damages, his reasonable attorneys' fees, and the costs and litigation expenses he has incurred in enforcing his civil rights.

## PARTIES

5. Plaintiff Brendan Lowenburg is, and at all times relevant herein was, an individual and California resident.

6. Defendant Mrs. Gooch's Natural Food Markets, Inc. is, and at all times relevant herein was, a corporation organized under the laws of the State

Complaint

of California, with its principal place of business in Whittier, California.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend this Complaint when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believe that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq. and the Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54.1 *et seq.*, both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

Complaint

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**FACTUAL ALLEGATIONS**

12. Plaintiff is, and at all times relevant herein was an individual with a physical and sensory impairment. At the age of five, Plaintiff lost his right ear as the result of an accident.

13. Plaintiff is significantly impaired in his hearing. He cannot hear at all on the right side.

14. Plaintiff's right ear has no lobes.

15. The Brentwood Whole Foods Market is located at 11737 San Vicente Boulevard, in the City of Los Angeles, California (hereinafter Brentwood Whole Foods).

16. The Brentwood Whole Foods is a grocery store.

17. Defendant is, and at all times relevant herein was, the owner, operator, lessor, and/or lessee of the Brentwood Whole Foods.

18. The Brentwood Whole Foods is Plaintiff's local grocery store.

19. Since moving to Los Angeles in July of 2019 and prior to April 17, 2020, Plaintiff shopped at the Brentwood Whole Foods approximately two times a week.

20. On or about April 17, 2020, Plaintiff visited the Brentwood Whole Foods to shop.

21. Plaintiff stood in line at the Brentwood Whole Foods for approximately forty-five minutes before entering the store, in compliance with social distancing procedures that had been implemented.

Complaint

22. While in line at the Brentwood Whole Foods, Plaintiff was equipped with a safety mask that he had purchased at CVS.

23. Plaintiff's mask had two ear loops.

24. Because Plaintiff does not have a right ear with lobes, he is unable to secure a mask with ear loops on an ear on the right side of his face.

25. To accommodate for his inability to secure a mask on an ear on the right side of his face, Plaintiff uses his hand. Plaintiff secures his mask using his ear on the left side, and on the right side holds the mask in place using his hand.

26. On April 17, 2020 Plaintiff entered the Brentwood Whole Foods with a mask flush to his face and completely covering his nose and mouth. The mask was looped around his left ear and held in place on the right side of his face using one hand.

27. Plaintiff retrieved the items he wanted to purchase and stood in line to check out.

28. When it was Plaintiff's turn to check out the male cashier told him that his mask had to be looped around his ears on both sides of his face. Plaintiff told the cashier that the mask could not be looped around his ear on the right side of his face because he had no ear lobes. Plaintiff proceeded to turn his head to show the cashier that he was missing his right ear.

29. The cashier appeared unfazed, responding "If you do not put the mask behind your ear, I am not going to check you out" or words to that effect.

30. A male manager noticed that there was an issue and walked towards the cashier. Plaintiff summoned the manager to him to explain the situation.

31. The manager asked Plaintiff what the "problem" was. Plaintiff explained that he could not secure his mask using an ear on the right side of his face, but that he was holding the mask in place to cover his face. The

manager replied, "well sir if you are not going to put the mask on your other ear, we are going to have to ask you to leave."

32. Plaintiff was extremely upset and humiliated, as the cashier and manager were just choosing to ignore what he was telling and showing them about not having a lob on the right side of his face to secure a mask.

33. Plaintiff told the manager he was not going to leave the store until he was allowed to pay for his groceries. However, the manager and cashier would not permit him to complete his purchase.

34. A nearby employee was instructed by the manager to remove Plaintiff's groceries.

35. The manager also threatened to call security if Plaintiff did not immediately leave the store.

36. Plaintiff was not offered any alternative accommodations by Defendants that he could complete his purchase (e.g. curb-side service).

37. Plaintiff left the store voluntarily.

38. Plaintiff's mask was securely on his face, covering his nose and mouth, the entire time he was in the Brentwood Whole Foods on April 17, 2020. The mask was never removed. The mask was never lax or loose. At no time did the mask slip.

39. Plaintiff has used masks similar to that used at the Brentwood Whole Foods on April 17, 2020 when patronizing other businesses in the area, without incident.

40. As the result of Defendants acts and omissions as herein described, Plaintiff was caused to experience difficulty, discomfort, distress, embarrassment and frustration.

41. On information and belief, the Brentwood Whole Foods has neither adopted nor implemented non-discrimination policies.

Complaint

42. On information and belief, the managers and employees of the Brentwood Whole Foods have not undergone disability sensitivity training, training on the rights of people with disabilities or training on how to avoid disability-based discrimination.

43. Due to his experience and knowledge of Defendants' discriminatory policies and procedures, Plaintiff has not returned to the Brentwood Whole Foods to shop since April 17, 2020.

44. As the result of Defendants acts and omissions as herein described, Plaintiff has been inconvenienced and caused to experience out of pocket costs. Plaintiff has been forced to travel farther from home to conduct his weekly grocery shopping.

45. Plaintiff wants and plans to resume shopping at the Brentwood Whole Foods once Defendants' discriminatory policies are modified and its owners and employees trained.

46. Until the Defendants' discriminatory policies are modified and its owners and employees trained, Plaintiff will be prevented and deterred from shopping at the Brentwood Whole Foods and will suffer ongoing discrimination and damages as a result.

47. The nature of Defendants' discrimination, as alleged herein, constitutes an ongoing violation and violation that is capable of repetition, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

## FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act
### 42 U.S.C. § 12101 *et seq.*

48. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

Complaint

49. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

50. Plaintiff is, and at all times relevant herein was a person with a "disability" as that term is defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

51. Grocery stores are among the "private entities" which are considered "public accommodations" for purposes of the ADA. 42 U.S.C. § 12181(7)(E).

52. The Brentwood Whole Foods is a grocery store and therefore a "place of public accommodation" under Title III of the ADA.

53. Defendants are private entities that own, operate and/or lease the Brentwood Whole Foods, and therefore must comply with the anti-discrimination provisions of the ADA.

54. In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendant's discriminatory conduct includes, *inter alia*:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities offered at the Brentwood Whole Foods, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i);

    b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to

those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

c. Directly or through contractual or other arrangements, utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12182(b)(1)(D)(i).

d. Imposing or applying eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying their goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(i); and

e. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

55. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

56. Plaintiff re-pleads the allegations contained in each of the

Complaint

foregoing paragraphs and incorporate them herein as if separately re-pled.

57. The Unruh Act guarantees that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

58. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

59. Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

60. The Brentwood Whole Foods is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.

61. In acting as herein alleged, Defendants have violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Brentwood Whole Foods.

62. In acting as herein alleged, Defendants have also violated Plaintiff's rights under the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

63. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate or reckless indifference. Treble damages are warranted.

64. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

Complaint

# THIRD CAUSE OF ACTION

## California Disabled Persons Act

## California Civil Code § 54 *et seq*.

### *(Statutory damages and attorneys' fees only)*

65. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

66. The CDPA provides that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, … , and other places to which the general public is invited" Cal. Civ. Code § 54.1(a)(1).

67. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

68. The Brentwood Whole Foods is a place of public accommodation and a place to which the general public is invited. As such, the Brentwood Whole Foods must be operated by Defendants in compliance with the provisions of the CDPA.

69. Defendants have violated the CDPA by, *inter alia*, denying and/or interfering with Plaintiff's admittance to and enjoyment of the public accommodations and facilities at the Brentwood Whole Foods on the basis of his disability.

70. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

71. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was

Complaint

willful and knowing and/or the product of deliberate or reckless indifference. Treble damages are warranted.

72. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees as set forth below.

**PRAYER**

WHEREFORE, Plaintiff respectfully request that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act ordering Defendants to:
    a. Modify their policies and practices to avoid discrimination based on an individual's disability; and
    b. Train their staff and management regarding the rights of people with disabilities and their obligation to avoid discrimination.

    **_Note:_** *Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and
4. Award such other and further relief as the Court may deem just and proper.

Dated: June 15, 2020     CENTER FOR DISABILITY ACCESS

By: /s/ Russell Handy
      Russell Handy
      Attorneys for Plaintiff

Complaint